UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> BRAINLAB, INC., a Delaware corporation; BRAINLAB AG, a German corporation; BRAINLAB MEDIZINISHE COMPUTERSYSTEME GMBH, a German corporation, <br><br> Defendants. | Civil Action No. 12-cv-6075 <br><br> Judge <br> Magistrate Judge |

**COMPLAINT FOR PATENT**
**INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

**PARTIES**

1. Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

2. Plaintiff NIMA is a California corporation with its principal place of business in Santa Monica, California.

3. Plaintiff IBSC is a California corporation with its principal place of business in Santa Monica, California.

4. On information and belief, Defendant Brainlab, Inc. is a Delaware corporation with its principal place of business located at 3 Westbrook Corporate Center, Suite 400, Westchester, Illinois 60154.

5. On information and belief, Defendant Brainlab AG is a German corporation with its principal place of business at Kapellenstraße 12, 85622 Feldkirchen, Germany that markets and promotes its products in the United States, including in this District.

6. On information and belief, Defendant Brainlab Medizinische Computersysteme GmbH is a German corporation with its principal place of business at Kapellenstraße 12, 85622 Feldkirchen, Germany that markets and promotes its products in the United States, including in this District.

7. Brainlab, Inc., Brainlab AG, and Brainlab Medizinishe Computersysteme GmbH are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

8. This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

9. This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

**BACKGROUND**

11. The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging." The '360 Patent issued on October 1, 1999. A true and correct copy of the '360 Patent is attached as Exhibit A.

12. Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

13. Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

14. NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

15. Defendants became aware of the '360 Patent at least as early as May 2009. In May 2009, Dr. Filler sent an email to Defendants informing them that they infringe the '360 Patent and offered to discuss licensing of the '360 Patent. Defendants declined to discuss licensing of the '360 Patent. In spite of their awareness of their infringement, Defendants continue to make, use, sell, offer to sell and/or import, without authority, infringing products. *See, e.g.*, http://www.brainlab.com/art/2827/4/fibertracking-and-functional-software/; http://www.brainlab.com/art/2844/4/intra-operative-mri/.

**COUNT I
PATENT INFRINGEMENT**

16. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15 above, inclusive, as if fully repeated and restated herein.

3

17. Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography. Such products include Defendants' Brainsuite iMRI and related software, such as iPlan Fibertracking software. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

18. Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography that induce others to infringe at least claim 36 of the '360 Patent. Such products include Defendants' Brainsuite iMRI and related software, such as iPlan Fibertracking and BOLD MRI Mapping software, iPlan RT, iPlan Flow, iPlan Neuroradiology, and courses taught at the Defendants' Academy. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography. *See, e.g.*, http://www.brainlab.com/art/2827/4/fibertracking-and-functional-software/; http://www.brainlab.com/art/2844/4/intra-operative-mri/. Since at least May 2009, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions

4

described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

19. Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, software for use in systems that thereby fall within the scope of at least claim 36 of the '360 Patent. Such products include Defendants' Brainsuite iMRI and related software, such as iPlan Fibertracking and BOLD MRI Mapping software iPlan RT, iPlan Flow, iPlan Neuroradiology, and courses taught at the Defendants' Academy. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography. *See, e.g.*, http://www.brainlab.com/art/2827/4/fibertracking-and-functional-software/; http://www.brainlab.com/art/2844/4/intra-operative-mri/. Defendants' accused products and software, are a material part of the invention, and are especially made or especially adapted for use in the infringement of '360 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Since at least May 2009, and likely earlier, Defendants have had knowledge of the '360 Patent and have had the specific knowledge that the combination of its software and computer systems described above infringe the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software,

Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

20. As a result of Defendants' continuing use of the claimed invention after receiving notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

21. As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22. Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. In addition to their actual damages, Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2. An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

Date: August 1, 2012        By:    s/ Kirsten L. Thomson
Kirsten L. Thomson (ID No. 6293943)
(thomson@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Marc A. Fenster
(mfenster@raklaw.com)
Andrew D. Weiss
(aweiss@raklaw.com)
Fredricka Ung
(fung@raklaw.com)
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel. 310.826.7474
Fax 310.826.6991

**Attorneys for Plaintiffs,
NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES, INC.,
AND IMAGE-BASED SURGICENTER
CORPORATION BASED SURGICENTER
CORPORATION**