IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEUROGRAFIX, NEUROGRAPHY )
INSTITUTE MEDICAL ASSOCIATES, INC. )
IMAGE-BASED SURGICENTER )
CORPORATION, and AARON G. FILLER, )
)
    Plaintiffs, )
)
    vs. )    Case No. 12 C 6075
)
BRAINLAB, INC., BRAINLAB AG, )
BRAINLAB MEDIZINISCHE )
COMPUTERSYSTEME GMBH, )
)
    Defendants. )

**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER GRANTING DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT ON THE ISSUE OF LOST PROFITS</u>**

The plaintiffs have moved for reconsideration of the Court's January 30, 2020 order granting the defendants' motion for summary judgment on the issue of lost profits. They contend that the Court erroneously overlooked arguments and evidence relating to lost profits for preoperative tractographies and improperly issued its decision before the completion of an extended period of discovery.

A court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited purpose: "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (citation omitted). A motion for reconsideration "cannot in any case be employed as a vehicle to introduce new

evidence that could have been adduced during pendency of [a] summary judgment motion" or "to tender new legal theories for the first time." *Id.* (citation omitted).

The Court granted the defendants' motion for summary judgment on the issue of lost profits based on its finding that the plaintiffs had not established they would have made additional profits but for the alleged infringement. *NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 489529, at *5 (N.D. Ill. Jan. 30, 2020). The Court found that the plaintiffs offered no evidence that they had the "manufacturing and marketing capability to exploit the demand" of the tractography market, as required to prove their entitlement to lost damages. *Id.* at *4 (quoting *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017)). Specifically, they offered no evidence of anything other than speculative plans to provide an intraoperative tractography service and no evidence that they had the ability to develop and market such a service. *Id.* at *4–5.

In their motion for reconsideration, the plaintiffs contend that the Court erroneously overlooked an argument that they were entitled to lost profits for preoperative tractographies, not just intraoperative tractographies. But the plaintiffs did not make this argument during the pendency of the previous motion. In their brief opposing the defendants' motion for summary judgment on lost profits, the plaintiffs referred to preoperative tractographies only once: to argue that such tractographies were not acceptable, noninfringing substitutes for intraoperative tractographies. *See* Pls.' Br. in Opp'n to Mot. for Summ. J., 13 MD 02432-RGS, dkt. no. 464, at 13.[1]  They

---

[1] Except for their supplemental briefs and the exhibits attached thereto, the parties filed all briefs and evidence at issue in this order in the MDL proceedings. When citing to

2

made no argument that preoperative tractographies were a source of recoverable lost profits. In their supplemental brief filed after the MDL transferee judge remanded the case to this district, the plaintiffs mentioned preoperative tractographies to describe the purpose and mechanism of MRI imaging, in a citation to a study involving pre-surgical imaging, and—once—in reference to the issue of infringement (a separate issue from lost profits). Supp. Br. in Opp'n to Mot. for Summ. J., dkt. no. 163, at 4, 11, 15. Again, however, they made no effort to connect this with a claim for lost profits.

Nor did the plaintiffs point to any evidence that would support recovery of lost profits for preoperative tractographies. They put forth no evidence that Image-Based Surgicenter Corporation has the capability to perform preoperative tractographies. With respect to Neurography Institute Medical Associates, Inc. (NIMA), the plaintiffs now contend that their expert relied on documents, including a deposition of Dr. Aaron Filler in a separate lawsuit, showing their entitlement to lost profits. But their expert did not describe the substance of those documents in his report. More importantly, he did not explain that the plaintiffs were entitled to lost profits for preoperative tractographies. And the plaintiffs did not reference these documents in their briefs.

To the extent the plaintiffs contend that they could have provided more evidence showing NIMA's lost profits but lacked notice that the preoperative tractographies were at issue, that argument is unavailing. The defendants' motion for summary judgment covered the entirety of plaintiffs' request for lost profits, even though the discussion focused on interoperative tractographies. If, as plaintiffs contend, preoperative

---

docket entries from those proceedings, the Court includes the case number from the MDL court.

3

tractographies were a substantial source of their claimed lost profits, it was incumbent upon them to point this out in their response to defendants' motion and/or in their supplemental brief filed following remand.

Finally, the Court did not err in issuing its order before the completion of an extended period of discovery. The Court reopened discovery expressly "for the purpose of obtaining information needed for the parties to take into account and address the court of appeals' revision of the claim construction and to submit revised or supplemental expert reports based on that information." Order on Pls.' Mot. to Reopen Disc., dkt. no. 181, at 2. In other words, the additional discovery permitted by the Court did not encompass the issue of lost profits. Regardless, if the plaintiffs believed that it did, they could have asked the Court to stay consideration of the motion for summary judgment on lost profits until after the completion of whatever discovery they were conducting. But plaintiffs made no such request. Further, the new evidence they contend to have discovered would not change the outcome of the Court's summary judgment order. It shows only that radiologists perform preoperative tractographies, not that the plaintiffs can establish lost profits for such tractographies.

For the foregoing reasons, the Court denies the plaintiffs' motion for reconsideration [dkt. no. 205].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 26, 2020