UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BRAINLAB, INC., a Delaware corporation; BRAINLAB AG, a German corporation; BRAINLAB MEDIZINISHE COMPUTERSYSTEME GMBH, a German corporation,<br><br>Defendants. | Civil Action No. 12-cv-6075<br><br>Hon. Matthew F. Kennelly, Presiding<br><br>Magistrate Judge Jeffrey Cole<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF CONVOYED SALES DAMAGES** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
PLAINTIFFS' MOTION FORSUMMARY JUDGMENT
OF CONVOYED SALES DAMAGES**

NOW COMES, Plaintiffs, NeuroGrafix, Neurography Institute Medical Associates, Inc., Image Based Surgicenter Corp., and Dr. Aaron G. Filler ("Plaintiffs") hereby move this Court for leave to file its Proposed Motion for Summary Judgment of Convoyed Sales Damages and Memorandum in Support thereof. (*See:* Exhibit A).

This Motion arises at this time in relation to the close of discovery scheduled for April 30, 2020. Summary Judgment is generally appropriate when it is clear that no further evidence can arise that is capable of raising a justiciable issue:

> [S]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

*Celotex Corp. v. Catrett* 477 US 317, 317 (US 1986) citing FRCP Rule 56(c). Typically, this status is determined to arise 30 days after the final close of all discovery FRCP Rule 56(b). In this case, Plaintiffs were still collecting discovery before the Court ruled on Lost Profits and Defendants have yet to even produce their CEO for deposition, despite multiple requests, and pertinent information expected to be obtained relating to the lost profits analysis.

The Reopening of Discovery that was sought centered on carrying out a survey to learn if – as the MDL Court asserted – the use of FiberTracking to select a structure was only theoretical, if – as Brainlab asserted – it was impossible to actually do, or if – as the Court Of Appeals ruled – it was likely common and essential.

First, NeuroGrafix made its position clear in the opening lines of its Memorandum In Support of its Motion for Leave to File a Supplemental Brief:

> *NeuroGrafix is currently seeking a limited additional period of discovery in order to bring* **_the lost profits damages_** *case more closely into congruence with the October 7, 2019 Order of the Court of Appeals for the Federal Circuit (hereinafter "CAFC") construing the term "Selected Structure"* **_through its pending Motion for Leave to Reopen Discovery filed November 6, 2019,_** *currently scheduled for hearing on December 3, 2019.*

Motion for Leave to File Supplemental Brief, ND-IL Dkt. #154 Nov. 18, 2019.

The Court allowed filing of the Supplemental Brief in its Order ND-IL Dkt. #161 Nov. 21, 2019 of which the majority as pled by Plaintiffs ND-IL Dkt. # 163 (also attached to the Motion for Leave) showed why pre-operative fMRI to select a structure profoundly affected the Lost Profits argument. The Court then granted Plaintiffs' Motion to Reopen Discovery, ND-IL Dkt. #181 December 19, 2019, specifically allowing until February 14th for both depositions and a survey to be carried out to obtain data on the extent of use of fMRI according to the Court of

Appeals view so that new arguments for or against Lost Profits could be made based on this new evidence.

However, the Court ruled finding No Lost Profits on January 30, 2020, just one day after the first deposition – Andrei Holodny, MD Chairman of Neuroradiology at Memorial Sloan Kettering deposed on January 29, 2020. Holodny confirmed that virtually all tractography was performed days in advance of surgery and that he had not gotten directly involved with the operating room in nearly nine years despite frequently preparing tractography for use by neurosurgeons. (Dep. Tran. Andrewi Holodny, MD Pg, 23 Line: 15-22.

NeuroGrafix's survey expert Lynne Weber then conducted a survey of 100 neuroradiologists finding that the Court of Appeals view was accurate in reflecting the practice and experience of most radiologists – they typically used fMRI to select structure which they had in mind before commencing the DTI process.

Subsequently, Brainlab's expert neuroradiologist James Leach, MD also confirmed this view wherein the Aril 20, 2020 deposition of Defendant's expert, James Leach revealed that he similarly opines that fMRI and DTI are not commonly performed on the same day as surgery, but is usually done the day before, in the week or so before the procedure. (Dep. Tran. James Leach, MD, Pg. 99-100 Line: 19:25 ). This has an overall strong implication for convoyed sales in relation to BrainSuite because it shows that images obtained days before surgery and at a distance from the operating room, are the typical data source used for tractographic guidance with FiberTracking and BrainSuite during surgery.

However, although NeuroGrafix specifically obtained approval of this Court to carry out depositions and surveys on this question critical to Lost Profits – the Court ruled before any of

the discovery could be carried out or completed (excepting the deposition of Holodny just hours before the ruling and before even a rough transcript could be obtained).

For these reasons, NeuroGrafix now seeks leave of the Court to file this Motion for Summary Judgment of Convoyed Sales based on evidence arising during the period of re-opened discovery, but focused primarily on the issue of collateral sales.

Although the Reopened Discovery period formally closed on April 30th, Brainlab has prevented completion of this Discovery. Central to NeuroGrafix's view of the numerosity of infringing events in the US is testimony of Joseph Doyle suggesting 600 sites instead of 100 sites in his deposition. BrainLab prejudicially withdrew Doyle as a witness, instead, offered Sean Clark – BrainLab's current CEO – for deposition. Plaintiffs object to the deposition of Sean Clark alone and requested that BrainLab produce the CEO at the time of the damages period, Stefan Vilsmeier for deposition as well. Nonetheless, despite asking for deposition dates for Sean Clark from Defendant for almost two months, Defendant has yet to proffer dates, thus discovery should not close as to any additional evidence that may result from this deposition due to Defendants' delay.

Plaintiffs request that it may conduct follow up discovery on and utilize any information discovered during Sean Clark's delayed deposition. However, despite repeated requests, Brainlab has not provided a date for deposition and as recently as today wrote to inform NeuroGrafix that it refuses to respond to a request for a deposition date. NeuroGrafix is also filing today a Motion to Compel the deposition of Sean Clark, and, because Clark was not CEO during the period of time in dispute as to Doyle's testimony, NeuroGrafix will also seek to compel the deposition of the person who was CEO at that time – Stefan Vilsmeier.

Plaintiff requests that should this Court grant Plaintiff's Motion for Leave to file, and that it stay its ruling on the Motion until Plaintiff has had the opportunity to depose BrainLab's CEO, Sean Clark and any other supplemental depositions or reports it may need to pursue in light of any relevant newly discovered information during that deposition.

WHEREFORE, Plaintiffs, NeuroGrafix, Neurography Institute Medical Associates, Inc., Image Based Surgicenter Corp., and Dr. Aaron G. Filler hereby moves this Court to enter an order for leave to file its Proposed Motion for Summary Judgment of Convoyed Sales Damages and Memorandum in Support thereof, and for any additional relief deemed just and appropriate.

Dated: June 9, 2020                    Respectfully submitted,

/s/ Aaron G. Filler
Aaron G. Filler, Esq. (pro hac vice)
Alex R. Straus, Esq. (pro hac vice)
(Cal Bar 321366, MA Bar 677434)
Christine S. Kim (Atty No.:6327157)
Tensor Law P.C.
900 Wilshire Blvd. #314
Santa Monica, CA 90401
Tel: 310.450.9689
afiller@tensorlaw.com
astraus@tensorlaw.com
ckim@tensorlaw.com

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF CONVOYED SALES DAMAGES

was served on June 9, 2020 as follows:

*Via Filing Via this Court's CM-ECF System, which caused a copy to be served on all registered users by E-mail:*

Jay R. Campbell, Esq. (admitted pro hac vice)
**TUCKER ELLIS LLP**
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: jay.campbell@tuckerellis.com


James William Mizgala, Esq.
Illinois State Bar No. 6271760
**Tucker Ellis LLP**
233 South Wacker Drive
Suite 6950
Chicago, IL 60606
(312) 624-6307
Email: james.mizgala@tuckerellis.com

*Counsel for Defendants:*
*Brainlab AG;*
*Brainlab, Inc.*

Date: June 9, 2020           */S/ Aaron G. Filler*
                             Aaron G. Filler, Esq.