IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. IMAGE-BASED SURGICENTER CORPORATION, and AARON G. FILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>BRAINLAB, INC., BRAINLAB AG, BRAINLAB MEDIZINISCHE COMPUTERSYSTEME GMBH,<br><br>Defendants. | Case No. 12 C 6075 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs have sought leave to file a motion for summary judgment on the issue of invalidity or, in the alternative, to strike an expert report submitted by defendants. In addition, plaintiffs have sought leave to file a motion for summary judgment on the issue of damages for convoyed sales and to file a reply brief in support of that motion.

The Court assumes familiarity with this case's factual background and procedural history, which this Court, the Federal Circuit, and the MDL transferee judge have described in prior written opinions. *See NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 1663105 (N.D. Ill. Apr. 4, 2020); *NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 919004, (N.D. Ill. Feb. 26, 2020); *NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 489529 (N.D. Ill. Jan. 30, 2020); *NeuroGrafix v. Brainlab*, Inc., 787 F. App'x 710 (Fed. Cir. 2019); *In re Neurografix ('360) Patent Litig.*, 201 F. Supp. 3d 206 (D.

Mass. 2016).

## Discussion

The deadline for submitting dispositive motions in this case was February 8, 2018. In seeking leave to file their current motions, plaintiffs ask the Court to modify this deadline. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Seventh Circuit, courts applying this good cause standard "primarily" consider "the diligence of the party seeking" to modify the schedule. *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Id.* (quoting 1983 Advisory Committee's note).

**1. Motion for leave to file motion for summary judgment on invalidity**

Plaintiffs do not explain how they have shown diligence in seeking to file a motion for summary judgment on the issue of invalidity. They assert that their motion would be timely, but they have not explained that contention either. Instead, they point to reasons underlying their strategic choice not to file or seek leave to file the motion sooner. These reasons include their belief, prior to this Court's dismissal of defendants' invalidity counterclaim in August 2018, that defendants had made a "fatal error" by declining to obtain expert testimony concerning certain aspects of that counterclaim. Mem. in Supp. of Mot. for Leave to File Mot. for Summ. J. of Invalidity at 4. Plaintiffs explain that they chose not to move for summary judgment on the counterclaim "out of concern" that the motion "would provide [defendants] an opportunity to repair [this] fatal error" because, at

the time, plaintiffs were "certain" that they "would prevail at trial if no repair occurred." *Id.* That's all well and good, but it represents a strategic choice that plaintiffs cannot now undo.

Though plaintiffs appear to contend that their strategic calculations changed after the Federal Circuit remanded the case and the Court granted defendants leave to reinstate their invalidity affirmative defense and counterclaim, they did not show diligence in seeking to file a motion for summary judgment even after that. Instead, they chose to attack the merits with regard to invalidity in a brief opposing defendants' motion for leave to reinstate the affirmative defense and counterclaim and a brief seeking to strike the defense and dismiss the counterclaim. That was not the proper procedural mechanism by which to challenge the merits of the affirmative defense and counterclaim, as the Court indicated at the time. Dkt. nos. 183, 199. Rather, the proper mechanism would have been a motion for summary judgment. But, up until June 9, 2020—after the case had been set for trial (a date the Court vacated on May 7, 2020 due to the coronavirus pandemic)—plaintiffs never attempted to file such a motion, and they did not indicate to the Court that they were prepared to do so until June 1, 2020 (indeed, according to a status report defendants filed on April 13, 2020, plaintiffs purportedly objected to informing the Court of their intention to file such a motion in the a joint status report the parties filed that day). And, again, they have provided no explanation for their choice not to file one sooner, nor explained how they have shown diligence in waiting until June to file it. The Court concludes that plaintiffs have failed to show due diligence and denies their motion for leave to file a motion for summary judgment on the issue of invalidity.

3

**2.      Motion to strike Dr. Michael Moseley's April 3, 2020 expert report**

In the alternative, plaintiffs move to strike Dr. Michael Moseley's April 3, 2020 expert report, which they contend is outside the scope of the post-remand reopened discovery because it concerns invalidity.  The Court reopened discovery "for the purpose of obtaining information needed for the parties to take into account and address the court of appeals' revision of the claim construction and to submit revised or supplemental expert reports based on that information."  Dkt. no. 181 at 2.  At the time, the Court expressed "no opinion regarding the ultimate admissibility of any information and evidence the parties may obtain via reopened discovery or otherwise."  *Id.* at 3.

Defendants contend that plaintiffs previously asserted expert opinions and interrogatory answers concerning only claim 36, so Dr. Moseley addressed only claim 36 in his initial expert report in 2017.  They further contend that Dr. Moseley specifically stated that he was reserving the right to opine on any additional claims' validity.  Finally, defendants say, before the Federal Circuit plaintiffs asserted additional claims beyond claim 36 before the Federal Circuit.  Defendants have not explained, however, how, if at all, Dr. Moseley's supplemental expert report on invalidity falls within the scope of the reopened discovery.  Alternatively, if defendants are contending it does not fall within the scope of the reopened discovery, it does not appear that they asked the Court for permission to file the report after the close of the relevant period of discovery.  At the status hearing held on January 28, 2020, defendants said they would "expand their experts' opinions," but the Court declined to make any findings regarding the propriety of this because there was no live dispute before the Court at the time.  Now there is.

The Court directs defendants to submit, by June 26, 2020, a memorandum of no

4

more than five pages explaining how, if at all, Dr. Moseley's supplemental report on invalidity relates to the scope of the reopened discovery and, if it does not, why they should be permitted to submit the supplemental report. Plaintiffs may file a response of no more than five pages by June 30, 2020. The Court notes that if it rules that Dr. Moseley's supplemental expert report is not appropriately submitted, that likely would also render unnecessary plaintiffs' expert report submitted in response to it.

3.      **Motion for leave to file motion for summary judgment on convoyed sales**

Plaintiffs also seek leave to file a motion for summary judgment on the issue of convoyed sales. They appear to assert that this motion is timely because, they contend, it pertains to the reopened window of discovery that ended on April 30, 2020 relating to the Federal Circuit's revision of the claim construction. The Court, however, previously found that the reopened discovery "did not encompass the issue of lost profits." Dkt. no. 221 at 4 (denying plaintiffs' motion for reconsideration of its ruling on summary judgment on the issue of lost profits). Nothing has changed in that regard. And if plaintiffs are contending that convoyed sales are distinct from lost profits, that contention makes no sense and, regardless, the reopened discovery did not encompass convoyed sales either. Thus plaintiffs' contention that they have shown diligence by pursuing evidence of convoyed sales during the reopened period of discovery holds no water.

Plaintiffs also seek leave to file a reply brief in support of their motion for leave, which the Court grants. Plaintiffs' reply brief also does not, however, establish that they have been diligent in seeking to file a motion for summary judgment on convoyed sales. Rather, large portions of the reply brief bear no relation to the question of whether

plaintiffs' showed diligence in seeking to file their motion.[1]  Setting aside plaintiffs' arguments on the merits, plaintiffs appear to contend that, when the parties originally briefed defendants' motion for summary judgment on lost profits, they did not have the "right" to seek summary judgment for convoyed sales based on their new theory because "this right was established" in 2018.  Reply at 5.  Without addressing the merits of that contention, the Court notes that the parties filed supplemental briefs on defendants' motion for summary judgment on lost profits in 2019—after plaintiffs say that "right" was established—and plaintiffs did not raise the issue then.  None of plaintiffs' other arguments come close to showing that they pursued a motion for summary judgment on the issue of convoyed sales either.

In short, because plaintiffs have not shown diligence in seeking to file a motion for summary judgment on the issue of convoyed sales, the Court denies them leave to file such a motion.

## Conclusion

For the foregoing reasons, the Court denies plaintiffs' motion for leave to file motion for summary judgment on invalidity except to the extent plaintiffs seek to strike Dr. Michael Moseley's April 3, 2020 supplemental expert report [dkt. no. 307]. Defendants' further submission on that report, as described in this order, is due by June 26, 2020, and plaintiffs' response is due by June 30, 2020.  In addition, the Court grants

---

[1] For example, in their reply brief, plaintiffs appear to ask the Court to stay its ruling on their motion for summary judgment of convoyed sales until they complete discovery on a new theory of lost profit damages.  This makes no sense; as just explained, discovery has closed and the reopened period of discovery (which also has closed) does not relate to lost profit damages.  Moreover, a reply brief is not the proper place for a party to move for a stay.  *See, e.g., Campos v. Cook County*, 932 F.3d 972, 976 n.2 (7th Cir. 2019) ("Parties waive arguments which they develop for the first time in a reply brief.").

plaintiffs' motion for leave to file a reply brief in support of their motion for leave to file a motion for summary judgment of convoyed sales [dkt. no. 320] but denies plaintiffs' motion for leave to file motion for summary judgment on issue of convoyed sales [dkt. no. 310].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 23, 2020