IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 12 C 6075 |
| BRAINLAB, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs have moved to preclude defendants from offering, at the resumed trial set for late April 2021, evidence or argument regarding a construction of claims in the patent-in-suit made by a judge in a separate case brought by plaintiffs against another alleged infringer. The claim construction was made by Judge Marilyn Pfaelzer in *NeuroGrafix v. Siemens Medical Solutions USA, Inc.*, Case No. 2:10-cv-1990. The Court will refer to this as the "Judge Pfaelzer claim construction." This claim construction was *not* adopted by the MDL judge who originally construed the patents in the present case, or by the Federal Circuit. The Federal Circuit's construction is, of course, binding on this Court and will control the trial.

In the present case, plaintiffs claim that defendants directly infringed plaintiffs' patent (the 360 patent), and they also claim that defendants induced others to infringe the patent. There is no defense of invalidity; defendants dropped that defense prior to trial. However, to prove inducement, plaintiffs must establish, among other things, that

defendants knew of the 360 patent and knew or should have known that their acts would cause infringement of that patent. Plaintiffs also contend that defendants engaged in willful infringement, which requires plaintiffs to establish that defendants knew they were infringing the 360 patent or acted in reckless disregard of plaintiffs' rights. Defendants dispute this; they contend that they neither knowingly infringed nor knowingly or recklessly induced others to infringe.

During opening statement in the first trial in this case—which ended with the declaration of a mistrial for reasons unrelated to the present motion—defendants' counsel told the jury about the Judge Pfaelzer claim construction. Defendants' contention is that under that construction, they would not have been infringing the 360 patent. Defendants contend that the Judge Pfaelzer claim construction confirms that their belief regarding non-infringement and/or non-inducement was held in good faith. The Court overruled a contemporaneous objection by plaintiffs but, after declaring a mistrial, gave plaintiffs leave to file a motion to exclude from the retrial any reference to the Judge Pfaelzer claim construction.

Some of plaintiffs' objections are without merit. First, plaintiffs contend that this was an "undisclosed defense" and that defendants should be precluded from using it for that reason. *See* Pl.'s Mem. (dkt. no. 480-1) at 4 (and elsewhere). That is incorrect. Defendants' contention on which they offer this evidence is that the required intent is lacking. Thus it is not a defense that has to be pleaded under Fed. R. Civ. P. 8, because it's not an affirmative defense; rather, it's a contention that the parties with the burden of persuasion (plaintiffs) can't prove what they are required to prove. Second, a party's contention might also be "undisclosed" if it was called for under a discovery

2

request and not identified in response, but plaintiffs do not cite any occasion during the discovery process on which defendants should have disclosed this point as a basis for their contention that they did not knowingly induce infringement or act willfully. Plaintiffs also cite defendants' invalidity contentions under the Local Patent Rules, but the point in question is not offered by defendants to show the patent is invalid, as they dropped that defense.

Plaintiffs also appear to contend that the only way that a party may advance a contention that it did not knowingly induce infringement or willfully infringe is by offering an opinion of counsel. *See* Pls.' Mem. at 6. That is not the case. There is no authority supporting for the proposition that evidence of lack of intent in this regard can only derive from an attorney's opinion.

Plaintiffs also make a rather intemperate and misguided argument that Judge Pfaelzer is biased against patent holders and that her claim construction should be excluded for that reason. *See* Pls.' Mem. at 9 ("Marianne Pfaelzer was known to be an anti-patent judge . . . ."). Even if that were so—and plaintiffs quite plainly have not shown that it is so—it would not be a basis to exclude otherwise relevant evidence: rather it would affect only its weight.

This does not mean, however, that the Judge Pfaelzer claim construction is admissible. Defendants do not contend that they *actually relied* on Judge Pfaelzer's construction of the patent. That bears repeating: defendants, despite plaintiffs' motion to exclude this evidence, do not claim, and do not identify any evidence of, actual reliance on the Judge Pfaelzer claim construction. Rather, their argument is that Judge Pfaelzer's construction, which defendants concede came *after* their own supposed

3

determination that they were not infringing the 360 patent, "confirms" that they were acting in good faith in concluding that there was no infringement and/or no inducement. Here is what defendants say: "Judge Pfaelzer's opinion two years later confirms that Brainlab's belief was indeed in good faith." Defs.' Mem. at 2. This is a non sequitur. The issues before the Court and jury in this regard involve defendants' knowledge and intent—their state of mind. The fact that someone else, even someone respected, came to the same conclusion has nothing at all to say about defendants' own state of mind. Again, defendants cite no evidence indicating that they in any way relied on Judge Pfaelzer's claim construction in making their own decisions regarding non-infringement. For these reasons, though the Judge Pfaelzer claim construction might arguably be thought to have some probative value, that value is minimal at best when one considers what the *actual* issues for determination at trial will be.

On the other side of the ledger, admission of this evidence has the potential to be highly confusing to the jury. The Judge Pfaelzer claim construction is *not* the operative construction of the 360 patent; it differs in material respects from the claim construction that will be presented to the jury and that the jury is required to apply. If defendants are able to inject this differing claim construction into the case, there is a significant risk that the jurors will take it as bearing on the question of infringement, on which it has no probative value at all. And if admission of the Judge Pfaelzer claim construction then required plaintiffs to attempt to rebut or explain it, or show defendants' lack of reliance on it—as would almost certainly be the case—it would even further divert the jury's attention to a side-topic and would further enhance the possibility of jury confusion.

**Conclusion**

The Court concludes for the reasons stated above that the potential for jury confusion significantly outweighs the probative value of evidence regarding the Judge Pfaelzer claim construction. The Court therefore excludes, under Federal Rule of Evidence 403, any reference to Judge Pfaelzer's claim construction regarding the 360 patent.

Date: February 25, 2021

                                                                             _____
                                                                                 MATTHEW F. KENNELLY
                                                                                 United States District Judge